IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEITH J. HILL | * |
|       Plaintiff, | |
| v. | * CIVIL ACTION NO. WDQ-04-2562 |
| GOV. ROBERT L. EHRLICH | * |
| FRAN C. SIZER | |
| ROBERT J. KUPEC | * |
| DR. COLEMAN, PSYCHIATRIST | |
|       Defendants. | * |
| | *** |

**MEMORANDUM**

I. Procedural History

Plaintiff filed this civil rights action for damages and miscellaneous relief against the Governor, Commissioner of Corrections, the Warden of the Eastern Correctional Institution ("ECI"), and the prison psychiatrist, Dr. Coleman.[1] Plaintiff states that prior to his August 22, 2003 remand into the custody of the Maryland Division of Correction ("DOC"), he was prescribed medication for Attention Deficit Disorder ("ADD"), Attention Deficit Hyperactivity Disorder ("ADHD"), and bipolar disorder. Paper No. 1. Plaintiff complains, however, that once received in the DOC he was denied: (i) medication and treatment for his disabilities and (ii) adequate "educational access." *Id*. Specifically, he claims that: the prison physician refuses to administer Adderall[2] as prescribed by his family doctor; that Warden Kupec has refused to acknowledge and treat ADD/ADHD; and that Commissioner Sizer and Governor Ehrlich have either dismissed his claims or failed to respond to his documented complaints. *Id*.

---

[1] The Complaint was filed on a 42 U.S.C. § 1993 form, but also cites to the Americans with Disabilities Act of 1991 ("ADA").

[2] Adderall is a daily extended-release, single-entity amphetamine indicated for the treatment of ADHD. *See* Physician's Desk Reference ("PDR") at 3144-3146, 58th Ed. 2004.

On May 23, 2005, Defendants Ehrlich, Sizer, and Kupec's ("State Defendants") Motion for Summary Judgment was granted. Defendant Coleman was subsequently served with process and filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, which shall be treated as a summary judgment motion. Paper No. 37. Plaintiff has filed an Opposition response thereto. Paper No. 38. The issues have been fully briefed and oral argument is unnecessary. *See* Local Rule 105.6. (D. Md. 2004).

II.   Standard of Review

    A.   Summary Judgment

Summary Judgment is proper if, viewed in a light most favorable to the nonmoving party, "the pleadings....and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985). The nonmoving party is entitled to the most favorable inferences that may reasonably be drawn from the evidence, but the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another," *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). In essence, the inquiry of the court must focus on whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that only one party may prevail as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). If the evidence is such that a reasonable jury could not return a verdict for the nonmoving party, summary judgment should be granted.

    B.   ADA Standard

Case 1:04-cv-02562-WDQ   Document 40   Filed 10/17/05   Page 3 of 8

To make out a prima facie case under the ADA, Plaintiff must show that: (i) he is a person with a disability as defined by statute; (ii) he is otherwise qualified for the benefit in question; and (iii) he was excluded from the benefit due to discrimination based upon disability. *See* 42 U.S.C. § 12131, et seq.; *Doe v. University of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1265 (4th Cir. 1995). Assuming Plaintiff has shown that he suffers from an ADA-qualifying disability, he has not alleged that he has been discriminated against or disqualified from receipt of any benefits due to a disability.[3] He has, for all intents and purposes, simply alleged that he has not received a particular medication. The Court therefore finds that Plaintiff has failed to present a viable ADA claim.

C.   Eighth Amendment Standard

As a inmate sentenced to confinement, Plaintiff is entitled to receive reasonable treatment for serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Failure to provide treatment, when indicating a "deliberate indifference to serious medical needs of prisoners," results in "the 'unnecessary and wanton infliction of pain,'...proscribed by the Eighth Amendment." *Id*. Deliberate indifference is shown by establishing that a defendant had actual knowledge or awareness of an obvious risk to a plaintiff's serious medical need and failed to take steps to abate that risk. *See generally, Farmer v. Brennan*, 114 S.Ct. 1970 (1994); *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101 (4th Cir. 1995). There is no underlying distinction between the right to medical care for physical ills and its psychological and psychiatric counterpart. *Bowring v. Goodwin*, 551 F.2d 44, 47 (4th Cir. 1977).

---

[3] To maintain a claim under under Title II of the ADA Plaintiff must show that: (i) he is a qualified individual with a disability; (ii) he is being excluded from participation in, or being denied the benefits of some service, program, or activity, by reason of his disability; and (iii) the entity that provides the service, program, or activity is a public entity. *Hallett v. New York*, 109 F.Supp.2d 190, 198 (S.D. N.Y. 2000).

3

> A prisoner is entitled to such treatment if a "[p]hysician or other health care provider, exercising ordinary skill and care at the time of the observation, concludes with reasonable certainty (1) that the prisoner's symptoms evidence a serious disease or injury; (2) that such disease or injury is curable or may be substantially alleviated; and (3) that the potential for harm to the prisoner by reason of delay or the denial of care would be substantial."

*Bowring v. Goodwin*, 551 F.2d at 47.

The *Bowring* Court further concluded that the aforementioned right to such treatment is based upon the essential test of medical necessity and not because such care is considered merely desirable. *Id.* at 48.

III.   Analysis

Defendant Coleman adopts and incorporates the State Defendants' Statement of Facts as submitted in their Motion for Summary Judgment. In addition, he provides facts in supplement to the State Defendants' materials.

The exhibits previously provided to this Court showed that Plaintiff has been housed at ECI since September 4, 2003. Dr. Coleman alleges that Plaintiff has a mental health history of depression and bipolar disorder, as diagnosed by ECI mental health practitioners. He asserts that upon Plaintiff's admission to ECI in September of 2003, he was prescribed Valproic Acid[4] and Prozac.[5]   Paper No. 37, Ex. 1 at 44.   Dr. Coleman states that Plaintiff took issue with these medications, claiming that he had previously been diagnosed with ADHD and was receiving the wrong medications for his condition. Paper No. 37,  Ex. 1 at 30-31, & 52.   He maintains that

---

[4]   Valproic acid is an anti-convulsant medication primarily used to treat seizures and migraines. It also is widely used by psychiatrists as a mood stabilizing medication and is approved to treat bipolar disorder. *See* www.psychcentral.com/meds/valproic_acid.html#uses.

[5]   Prozac, or fluoxentine hyrdrochoride, is a non-controlled substance indicated for the treatment of a major depressive disorder. *See* PDR at 1840-1846, 58th Ed. 2004.

Plaintiff was: (i) refusing to take Valproic Acid; (ii) threatening to sign-off on his Prozac regimen; (iii) claiming that the medication would not work without Adderall; and (iv) demanding transportation to obtain treatment from his street physician. *Id*., Ex. 1 at 30-31 & 85.

Dr. Coleman affirms that he advised Plaintiff that the underlying causes for his mental health conditions were bipolar disorder and depression, and that these conditions could be adequately treated with Valproic Acid (a mood stabilizer) and Prozac (an anti-depressant). *Id*., Ex. 1 at 30-31; Ex 3. Dr. Coleman did not diagnose Plaintiff with ADHD. *Id*. He advised Plaintiff that Adderall is not used in the DOC system because it is a stimulant containing amphetamine and considered a controlled and addictive substance subject to abuse by the prison population. *Id*. Further, Dr. Coleman informed Plaintiff that Valproic Acid would also treat many of the symptoms of ADHD, including agitation, problems with concentration, and impulsivity. *Id*.

According to Dr. Coleman, he reevaluated Plaintiff's condition and medication regiment every eight to twelve weeks from September of 2003, to October of 2004. Plaintiff continued to be non-compliant with his Valproic Acid, but reported an improved mood with decreased irritability. *Id*., Ex. 1 at 31-1. Plaintiff's Prozac dosage was reduced pursuant to his request. *Id*.

Dr. Coleman alleged that in December of 2003, Plaintiff voiced complaints about the timing of his pill call and the irregularity of his receipt of medication. *Id*., Ex. 1 at 32. After discussions with Plaintiff, during which Plaintiff declined to change his Prozac prescription to be given at morning pill call, Dr. Coleman recommended that the Prozac regimen continue as ordered. *Id*. An additional complaint about the pill call schedule resulted in a modification to Plaintiff's Prozac dosage. Paper No. 37, Ex. 1 at 33. Dr. Coleman states that at a subsequent reevaluation in April of 2004, Plaintiff reported improvement without any behavioral difficulties or side effects from this

5

medication regimen. *Id*., Ex. 1 at 34.  During a July 29, 2004 reassessment with Dr. Coleman, Plaintiff denied any depression or behavioral problems. *Id*., Ex. 1 at 38.  Dr. Coleman advised Plaintiff that he would start him on an alternative mood stabilizer medication, Nortryptiline.[6] *Id*., Ex. 1 at 38; Ex. 3

On August 28, 2004, Plaintiff was seen by Dr. Coleman. *Id*., Ex. 1 at 40.  He complained of being off his medications since July 29, 2004, and indicated that he had not received the Nortryptiline. *Id*., Ex.1 at 40.  According to Dr. Coleman, Plaintiff reported improvement in his mood without medication and stated that he did not want to take any mood stabilizer drugs. *Id*.  Dr. Coleman issued Plaintiff a prescription for Prozac and again advised Plaintiff that he would benefit from a mood stabilizer. *Id*., Ex. 1 at 40; Ex. 3.  Dr. Coleman's last evaluation with Plaintiff occurred on October 17, 2004, at which time Plaintiff advised Dr. Coleman that his mood was stable. *Id*., Ex. 1 at 42.

Dr. Coleman maintains that Plaintiff has continued to be followed by ECI psychiatry staff. *Id*., Ex. 1 at 43; Ex. 3.  He was seen by Dr. Reeves on January 18 and April 5, 2005. *Id*.  No changes were made during those assessments and no other medications were prescribed to address Plaintiff's mental health issues. *Id*., Ex. 1 at 74; Ex. 3.

In his Opposition response, Plaintiff continues to maintain that he has ADHD and has not received proper medication for his disorder.  Paper No. 38.  He acknowledges that he has refused certain medications prescribed by Dr. Coleman and others, but states that those medications are for

---

[6] Nortryptiline Hydrochloride, or Pamelor, is an anti-depressant, primarily prescribed for the relief of symptoms of depression.  *See* www.pdrhealth.com/drug_info/rxdrugprofiles/drugs/pam1315.shtml.  Some physicians also prescribe Pamelor to treat chronic hives, premenstrual depression, and ADHD in children. *Id*.

the treatment of other psychiatric disabilities that have nothing to do with the allegations presented in this case. Paper No. 38.

As previously noted, documents presented to the Court indicate that prior to his incarceration, Plaintiff was privately treated with Adderall for ADHD. While detained at the Worcester County Jail, Plaintiff was examined for a history of depression and ADHD and placed on Adderall and Prozac in May of 2003. Soon after his arrival at ECI in September of 2003, Plaintiff was evaluated by Dr. Coleman, diagnosed with bipolar disorder and depression, and placed on a regimen of Prozac and Valproic Acid.[7] Aside from the intake screening form, ECI medical records make no reference to an ADD/ADHD diagnosis or to treatment with Adderall. Dr. Coleman never diagnosed Plaintiff with or treated him for ADD/ADHD. He prescribed non-controlled drugs for treatment of depression and bipolar disorder, but addressed Plaintiff's complaints regarding the failure to provide Adderall by advising him that the amphetamine would not be prescribed in a DOC facility because of its potential addictive nature and its identification as a controlled substance. Dr. Coleman further advised Plaintiff that the Valproic Acid could help him with ADHD-like symptoms.

The Court concludes that an Eighth Amendment violation has not been established here. Plaintiff was initially evaluated, diagnosed, and treated by Dr. Coleman with psychotropic medications for bipolar disorder and depression. He received routine follow-up assessments every two to three months. These reevaluations suggest that Plaintiff's mental health condition had improved. The medication regimen was adjusted pursuant to his requests or Dr. Coleman's recommendations. Plaintiff has alleged, at most, a disagreement with Dr. Coleman's diagnosis and

---

[7] Plaintiff was not compliant with the Valproic Acid, but continued on the Prozac, which was adjusted and lowered pursuant to his request.

the medication regimen prescribed by the psychiatrist. Plaintiff may dispute this determination, but his disagreement with Dr. Coleman's diagnosis and prescription recommendations does not amount to a constitutional violation. *Bowring v. Goodwin*, 551 F.2d at 48.

IV.     Conclusion

For the aforementioned reasons, injunctive relief shall not issue. Defendant Coleman's Motion for Summary Judgment shall be granted. Judgment shall be entered in favor of all Defendants and against Plaintiff. A separate Order follows.


Date: October 17, 2005                 _____/s/_____
                                       William D. Quarles, Jr.
                                       United States District Judge